UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,                     CRIMINAL NO. 23-cr-20022

v.                                HON. GERSHWIN A. DRAIN

D-2 Ziad Khalel,

      Defendant.

---

### Government's Sentencing Memorandum

---

Ziad Khalel served in a critical role by recruiting patients for Mohamad Kazkaz's psychotherapy fraud scheme. He attempted to conceal his receipt of healthcare kickbacks by funneling payments through two corporations he created. His advisory guidelines range is 18-24 months' imprisonment. The government recommends a sentence sufficient but not greater than necessary to achieve the aims of the Sentencing Reform Act of 1984 (18 U.S.C. § 3553(a)).

### I.    Facts and Procedural History

A grand jury indicted Khalel and others with health care fraud conspiracy,

conspiracy to pay health care kickbacks, and payment of kickbacks in connection with Federal healthcare programs. He pleaded guilty with a Rule 11 Plea Agreement on October 20, 2025.

## II.    Section 3553(a) Factors

The Supreme Court has noted that, in formulating the Sentencing Guidelines, the U.S. Sentencing Commission's goal is to carry out the objectives of 18 U.S.C. § 3553(a).  *United States v. Rita*, 551 U.S. 338 (2007). While advisory, the Guidelines remain an important factor in fashioning a just sentence. This is because "it is fair to assume that the Guidelines, insofar as practicable, reflect a rough approximation of sentences that might achieve section 3553(a)'s objectives." *Id.* at 350. Moreover, the guidelines "should be the starting point and the initial benchmark" for choosing a defendant's sentence.  *Gall v. United States*, 552 U.S. 38, 49 (2007).

Thus, the starting point here is 18-24 months' imprisonment. (PSR ¶ 93.)

### a.  The Nature and Circumstances of the Offense

Medicare operates as a trust-based system which relies upon the credentialed medical providers in processing billions of claims for American citizens on an annual basis. Some estimates claim that more than "tens of billions" is lost every year due to bad actors like Khalel.[1] Medicare lacks the resources to verify the

---

[1] The National Health Care Anti-Fraud Association (NHCAA) estimates that the financial losses due to health care fraud are in the tens of billions of dollars each year. A conservative estimate is 3% of total health care expenditures, while some government and law enforcement agencies place the loss as high as 10% of our annual health outlay, which could mean more than $300 billion.

legitimacy of each claim it pays. The underlying scheme Kazkaz created relied upon using Medicare beneficiary's personal health identification numbers to facilitate the fraud. Medicare would not have paid Kazkaz and others for claims if it had been aware that the beneficiaries had been induced to provide their information through the payment of kickbacks. Khalel's own conduct resulted in the loss of more than $857,000 to the Medicare program, which is funded through the hard work of the American people.

Congress set the statutory maximum sentence at 10 years' imprisonment to reflect the seriousness of the offense.

### b. History and Characteristics of the Defendant

The government makes no dispute that Mr. Khalel overcame difficult circumstances before arriving in the United States and becoming an American citizen. His own biography, however, reflects that he is an educated man with who has been able to obtain legal employment. Rather than earning a legitimate income, he chose to steal from the taxpayers whose hard works funds Medicare.

### c. Seriousness of the Offense, Promotion of Respect for the Law, and Just Punishment for the Offense

This is a serious offense resulting in the theft of much-needed funds from Medciare. The American taxpayers the victims of this offense. Such schemes also make it more difficult for deserving claimants to receive needed benefits. A custodial

sentence is needed to reflect the seriousness of the offense, promote respect for the law, and ensure a just punishment.

### d.  Adequate Deterrence and Protection of the Public

Medicare fraud is both highly lucrative and frequently undetected. It is this combination that makes general deterrence a particularly important objective in this case. *See United States v. Heffernan*, 43 F.3d 1144, 1149 (7th Cir. 1994) ("Considerations of (general) deterrence argue for punishing more heavily those offenses that either are lucrative or are difficult to detect and punish, since both attributes go to increase the expected benefits of a crime and hence the punishment required to deter it.").

Furthermore, as the Sixth Circuit has recognized, "[b]ecause economic and fraud-based crimes are more rational, cool, and calculated than sudden crimes of passion or opportunity, these crimes are prime candidates for general deterrence." *United States v. Peppel*, 707 F.3d 627, 637 (6th Cir. 2013) (citations omitted).

An unambiguous message of deterrence should be sent to others who might be tempted to steal significant amounts of government benefits: a substantial prison sentence awaits you.

**e. Providing Defendant with Needed Educational or Vocational Training, Medical Care, or Other Correctional Treatment in the Most Effective Manner; Kinds of Sentences Available and the Need to Avoid Unwarranted Sentencing Disparities**

The Bureau of Prisons has the expertise to classify and send Khalel to the appropriate facility.  A sentence imposed within the guidelines range would avoid any unnecessary sentencing disparity.

## III.   Restitution

Under the Mandatory Victims Restitution Act, restitution is required as Hares's offense involved fraud and deceit. 18 U.S.C. § 3663A(c)(1)(A)(ii). Medicare claims data reflects that Medicare sustained an actual loss of $857,000 in losses attributable to fraudulent claims submitted for psychotherapy services which were medically unnecessary and not rendered.

## IV.   Conclusion

Ziad Khalel victimized honest taxpayers and Medicare beneficiaries from whom he stole. For the reasons discussed above, the Court should impose a sentence sufficient but not greater than necessary to achieve the requirements of the Sentencing Reform Act of 1984 (18 U.S.C. § 3553(a)).

Respectfully submitted,

JEROME F. GORGON JR.
United States Attorney

s/Philip A. Ross
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
Phone: (313) 226-9790
E-Mail: Philip.Ross@usdoj.gov

Dated: May 6, 2026

**Certificate of Service**

I certify that on May 6, 2026, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to the following:

Harold Gurewitz
Attorney for Mustafa Hares

I also certify that I will, on today's date, email a copy of the foregoing document to Nat Karpac, the assigned probation officer in this matter.

s/Philip A. Ross
Philip A. Ross
Assistant U.S. Attorney
United States Attorney's Office